1

2

3

4

5

6

7

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

8

9

10

| | |
|---|---|
| WILMAN GONZALEZ ROSARIO, et al., | CASE NO. C15-0813JLR |
| Plaintiffs, | MINUTE ORDER |
| v. | |
| UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, et al., | |
| Defendants. | |

11

12

13

14

15

16

17        The following minute order is made by the direction of the court, the Honorable

18     James L. Robart:

19        The court has scheduled oral argument on Plaintiffs' motion for class certification

20     (Dkt. # 82) and Defendants' partial motion to dismiss (Dkt. # 88) for Thursday, July 13,

21     2017, at 10:00 a.m.  At the hearing, the court anticipates asking several questions of

22     //

MINUTE ORDER - 1

counsel before allowing brief oral argument.  The court DIRECTS the parties to be

prepared to address the following topics:

- 90-Day Plaintiffs' Administrative Procedure Act ("APA") Claims
  - Under what specific sections of the APA do 90-Day Plaintiffs assert a claim?
  - Which, if any, of those claims are moot?
  - To what extent do the non-moot APA claims require final agency action, and what is the final agency action here?
- 90-Day Plaintiffs' Mandamus Act Claim
  - Is 90-Day Plaintiffs' Mandamus Act claim moot?
- In their response to Defendants' partial motion to dismiss, Plaintiffs ask the court, for the first time in this action, to "bar[] Defendants from denying benefits to 90-Day Subclass members based on periods of unauthorized employment, when Defendants' proper issuance of interim employment authorization would have permitted such employment."  (Dkt. # 91 at 2:3-7.)
  - Under what statute(s)—including the specific subsection(s)—is that relief available?
  - What legal authority supports the availability of that relief under that statute(s)?
- In their response brief to the class certification motion, Defendants differentiate between the "mandatory nature of the timeline" and the "mandatory nature of the overall duty."  (Dkt. # 86 at 11 n.2.)

1         o   Explain this distinction and why the court's prior order (Dkt. # 55 at

2             22-26) is best read in this manner.

3      &bull;  Appointing Class Counsel

4         o   Assuming that the court certifies the class in full or in part, on what

5             basis should the court appoint as class counsel all 10 lawyers who are

6             counsel of record in this action?

7  This list is not exhaustive, and the parties should be prepared to address all aspects of the

8  pending motions.

9      Filed and entered this 10th day of July, 2017.

10

11                     WILLIAM M. MCCOOL
                         Clerk of Court

12                     s/ Ashleigh Drecktrah
                         Deputy Clerk

13

14

15

16

17

18

19

20

21

22