UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WILMAN GONZALEZ ROSARIO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, et al.,<br><br>Defendants. | CASE NO. C15-0813JLR<br><br>ORDER ON PLAINTIFFS' SECOND MOTION FOR CIVIL CONTEMPT |

Before the court is Plaintiffs' second motion for civil contempt and to enforce the permanent injunction issued by this court on July 26, 2018. (Mot. (Dkt. # 196); Reply (Dkt. # 204); *see also* 7/26/18 Order (Dkt. # 127).) In its order issuing the permanent injunction, the court found that Defendants were in violation of a regulatory deadline requiring Defendant United States Citizenship and Immigration Services ("USCIS") to adjudicate asylum-seekers' initial applications for employment authorization documents

ORDER - 1

1 ("EADs") within 30 days of receipt and enjoined Defendants from further failing to
2 adhere to that deadline. (7/26/18 Order at 12.) Defendants oppose Plaintiffs' motion for
3 contempt. (Resp. (Dkt. # 202).)

4     The court heard oral argument by Zoom videoconference on September 23, 2022.
5 (*See* 9/23/22 Min. Entry (Dkt. # 205).) On September 27, 2022, Defendants filed
6 answers to questions the court asked during the hearing. (Resp. to Questions (Dkt.
7 # 206).)

8     The court has considered Plaintiffs' motion, all submissions filed in support of and
9 in opposition to the motion, the relevant portions of the record, the parties' arguments,
10 and the applicable law. Being fully advised, the court ORDERS as follows:

11     1.    The court DENIES without prejudice Plaintiffs' second motion for civil
12 contempt and to enforce the permanent injunction (Dkt. # 196). There is no dispute that
13 Defendants have been out of compliance with the permanent injunction since February
14 2022, when the United States District Court for the District of the District of Columbia
15 vacated an agency rule that had repealed the 30-day deadline for most EAD applications.
16 (9/2/22 Status Report (Dkt. # 201) (showing USCIS's monthly compliance rates through
17 August 2022)); *AsylumWorks v. Mayorkas*, No. 20-CV-3815 (BAH), 2022 WL 355213,
18 at *8 (D.D.C. Feb. 7, 2022) (vacating rule). After reviewing Defendants' responses to the
19 questions asked during the September 23, 2022 hearing, however, the court is satisfied
20 that Defendants have taken "all reasonable steps" within their power to increase the
21 resources available to adjudicate initial EAD applications, to reduce the backlog of
22 pending applications, and to return to substantial compliance with the court's injunction.

*Inst. of Cetacean Research v. Sea Shepherd Conservation Soc'y*, 774 F.3d 935, 945 (9th Cir. 2014); (Resp. to Questions at 1-3 (stating that USCIS has increased the number of officers assigned to adjudicate initial EAD applications from 62 to 106; continues to hire officers through multiple categories of personnel recruitment; has authorized substantial overtime for officers; and has taken additional measures to increase the rate at which it processes initial EAD applications)).

    2.    Defendants represent that they expect to eliminate the backlog of initial EAD applications by November 15, 2022, and to demonstrate full compliance with the 30-day timeline for adjudicating initial EAD applications in their December 2022 status report. (Resp. to Questions at 3-4.) Plaintiffs may, therefore, renew their motion for contempt if Defendants do not reach substantial compliance with the court's permanent injunction by December 31, 2022.

    3.    The court ORDERS Defendants to file monthly status reports regarding USCIS's compliance with the 30-day timeline to adjudicate class members' initial EAD applications for September 2022, October 2022, November 2022, December 2022, January 2023, and February 2023. These status reports shall be filed no later than five (5) days after the end of each month.

    Dated this 27th day of September, 2022.

_____
JAMES L. ROBART
United States District Judge