UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WILMAN GONZALEZ ROSARIO, et al., | CASE NO. C15-0813JLR |
| Plaintiffs, | ORDER DENYING PLAINTIFFS' THIRD MOTION FOR CIVIL CONTEMPT |
| v. | |
| UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, et al., | |
| Defendants. | |

Before the court is Plaintiffs' third motion for civil contempt and to enforce the permanent injunction issued by this court on July 26, 2018. (Mot. (Dkt. # 212); Reply (Dkt. # 218); *see also* 7/26/18 Order (Dkt. # 127).) In its order issuing the permanent injunction, the court found that Defendants were in violation of a regulatory deadline requiring Defendant United States Citizenship and Immigration Services ("USCIS") to adjudicate asylum-seekers' initial applications for employment authorization documents

1   ("EADs") within 30 days of receipt and enjoined Defendants from further failing to

2   adhere to that deadline.  (7/26/18 Order at 12.)  Defendants oppose Plaintiffs' third

3   motion for contempt.  (Resp. (Dkt. # 215).)  The court has considered Plaintiffs' motion,

4   all submissions filed in support of and in opposition to the motion, the relevant portions

5   of the record, and the applicable law.  Being fully advised,[1] the court DENIES Plaintiffs'

6   third motion for civil contempt.

7       "Civil contempt . . . consists of a party's disobedience to a specific and definite

8   court order by failure to take all reasonable steps within the party's power to comply."

9   *Inst. of Cetacean Rsch. v. Sea Shepherd Conservation Soc'y*, 774 F.3d 935, 945 (9th Cir.

10  2014) (quoting *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693,

11  695 (9th Cir. 1993)).  "The party alleging civil contempt must demonstrate that the

12  alleged contemnor violated the court's order by 'clear and convincing evidence.'"  *Id.*

13  (quoting *Dual-Deck*, 10 F.3d at 695).  Once a *prima facie* showing of contempt is made,

14  the burden shifts to the alleged contemnors to show "categorically and in detail" why

15  they were unable to comply with the order.  *FTC v. Affordable Media*, 179 F.3d 1228,

16  1239 (9th Cir. 1999); *Donovan v. Mazzola*, 716 F.2d 1226, 1240 (9th Cir. 1983).  A

17  party's inability to comply with a judicial order constitutes a defense to a charge of civil

18  contempt.  *Affordable Media*, 179 F.3d at 1239 (citing *United States v. Rylander*, 460

19  U.S. 752, 757 (1983)).

20

21      [1] Plaintiffs request oral argument; Defendants do not.  (*See* Mot. at 1; Resp. at 1.)  The
    court concludes that oral argument would not be helpful to its disposition of the motion.  *See*
22  Local Rules W.D. Wash. LCR 7(b)(4).

There is no dispute that Defendants have been out of compliance with the court's permanent injunction since February 2022, when the United States District Court for the District of Columbia vacated an agency rule that had previously repealed the 30-day deadline for most EAD applications.  (2/3/23 Status Report (Dkt. # 214), Ex. A (showing USCIS's monthly compliance rates through January 2023)); *AsylumWorks v. Mayorkas*, No. 20-CV-3815 (BAH), 2022 WL 355213, at *8 (D.D.C. Feb. 7, 2022) (vacating rule). The court is satisfied, however, that Defendants have taken "all reasonable steps" within their power to increase the resources available to adjudicate initial EAD applications, to reduce the backlog of pending applications, and to return to substantial compliance with the court's injunction, in light of the dramatic increase in initial EAD applications received by USCIS in the last several months.  USCIS received over 162,000 initial EAD applications from class members between October 2022 and January 2023; the most it had received in the same period in any previous year since 2015 was 96,371 in fiscal year 2018.  (2/6/23 Nolan Decl. (Dkt. # 216) ¶¶ 9-11; *see also id.* ¶ 13 (stating that USCIS would "require upwards of 450 trained officers to adjudicate the backlog and incoming receipts within 30 days" but currently has less than half this number of trained officers available).)  To address the unprecedented volume of initial EAD applications, USCIS has increased the number of officers assigned to adjudicate the applications in its Texas and Nebraska service centers; is training new officers and retraining existing officers to process the applications; is working to identify further operational and technological improvements to increase its efficiency and its ability to forecast the volume of incoming applications; and has taken additional measures to monitor and increase the rate at which

it processes the applications.  (*Id.* ¶¶ 14-19; 1/5/2023 Nolan Decl. (Dkt. # 211-2) ¶¶ 12-14.)  Furthermore, despite the historically high number of EAD applications filed since October 2022, USCIS's rate of compliance with the court's injunction has improved each month.  (*See* 2/3/23 Status Report, Ex. A; *see also* 2/6/23 Nolan Decl. ¶ 6 (stating that if USCIS had continued to receive approximately 30,000 applications a month in October, November, and December 2022, USCIS would have reached substantial compliance with the permanent injunction by February 2023).)

Accordingly, the court DENIES Plaintiffs' third motion for civil contempt and to enforce the court's permanent injunction (Dkt. # 212).  So that it may continue to monitor Defendants' progress in processing initial EAD applications, the court ORDERS Defendants to continue to file monthly status reports regarding USCIS's compliance with the 30-day timeline to adjudicate class members' initial EAD applications through December 2023.  These status reports shall be filed no later than five (5) days after the end of each month.

Dated this 14th day of February, 2023.

JAMES L. ROBART
United States District Judge